Battle, J.
 

 Ve agree with the counsel for the plaintiff, that the property in the watches was not transferred to Rouse, for the reason that the latter was not to have them until they should be repaired — and that was never done.
 

 Upon the question of the responsibility of the defendant for the loss of the watches, our opinion is decidedly against the plaintiff. The defendant, though the master of a vessel, trading between the town of Washington, in this State, and the city of New York, did not contract with the plaintiff to cany his goods, as a common carrier. The articles were not included in any bill of lading, and it does not even appear that the defendant was to be paid any thing for carrying them. Being jewelry, it is admitted by the plaintiff’s counsel, that the act of Congress of 1851, (see Brightly’s Digest of the U. S. Laws, p. 834, sec. 50, 54,) prohibits him from charging him otherwise than as a bailee, guilty of negligence or misfeasance. Such being the case, the authorities to which he refers on the subject of deviation from the straight and- shortest course of the voyage, have no application. See Abbott on Shipping 237,
 
 Harrell
 
 v.
 
 Owens
 
 1 Dev.
 
 &
 
 Bat. Rep. 273. The defendant, as a bailee, with or without reward, cannot be supposed to have undertaken to carry the plaintiff’s goods direct to New York, inconsistent with his duty as master to sail with his cargo to another port. The ntmost extent of his engagement was to deliver them to the proper persons in New'-York, whenever ho could go there, and such was evidently the understanding of the plaintiff’s agent, Iloyt, before the goods were lost. That engagement bound him only to ordinary-care in keeping the goods, even supposing him to have been a bailee for hire. Such care he did take of the watches, for | he kept them locked up in a chest in his own cabin, and lost t them at the same time, and in the same manner, that he lost^ some of his own goods by the violent action of nocturnal rob-* hers. Unless he could be deemed a common carrier, which it is
 
 *210
 
 admitted he could not, we cannot imagine how he could make out a more complete defence against the imputation of gross, or even ordinary neglect. The judgment must be reversed, aud a
 
 venire de novo
 
 awarded.
 

 Pee CuRiak, Judgment reversed.